1  Laurence A. Weiss (Bar No. 164638)
       Laurence.Weiss@hellerehrman.com
2  HELLER EHRMAN LLP
   275 Middlefield Road
3  Menlo Park, CA  94025-3506
   Telephone:   650.324.7000
4  Facsimile:    650.324.0638

5  David B. Weinberg (D.C. Bar # 186247)
   (Pending *pro hac vice*)
6      dweinberg@wileyrein.com
   Eric Andreas (D.C. Bar # 462777)
7      eandreas@wileyrein.com
   David E. Markert (D.C. Bar #502486)
8      dmarkert@wileyrein.com
   WILEY REIN LLP
9  1776 K Street NW
   Washington, DC  20006
10 Telephone:   202.719.7000
   Facsimile:    202.719.7049
11
   Attorneys for Intervenor-Defendant
12 Makhteshim Agan of North America, Inc.

13
                     **UNITED STATES DISTRICT COURT**
14              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                         **SAN FRANCISCO DIVISION**
15

16 PESTICIDE ACTION NETWORK          )
   NORTH AMERICA, et al.,            )   Case No. C 08-03542 VRW
17                                   )
                                     )
18                Plaintiffs,        )
                                     )   **[PROPOSED] ANSWER OF**
19                                   )   **INTERVENOR-DEFENDANT**
           v.                        )   **MAKHTESHIM AGAN OF**
20                                   )   **NORTH AMERICA, INC. TO**
                                     )   **COMPLAINT**
21 UNITED STATES ENVIRONMENTAL       )
   PROTECTION AGENCY,                )
22                                   )
                                     )
23                Defendant.         )
                                     )
24
          Intervenor Makhteshim Agan of North America, Inc. ("MANA") answers Plaintiffs'
25
   Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:
26
          1.   Paragraph 1 consists of Plaintiffs' characterization of their claims in this lawsuit,
27
   the relief they seek, and conclusions of law, to which no response is required.
28

PROPOSED ANSWER
C 08-03542 VRW   - 1 -

2. MANA admits that endosulfan is an organochlorine insecticide that is registered for use on domestic farms. MANA also admits that the United States Environmental Protection Agency ("EPA") reregistered certain uses of endosulfan in 2002 and that some countries do not permit the use of endosulfan. The remainder of Paragraph 2 consists of Plaintiffs' characterization of endosulfan and conclusions of law to which no response is required.

3. The first sentence of Paragraph 3 consists of Plaintiffs' characterization of EPA's actions and conclusions of law to which no response is required. With regard to the second sentence of Paragraph 3, MANA admits that endosulfan has been detected in the Arctic and national parks and that endosulfan has been detected in the tissues and fluids of humans and animals. MANA also admits that endosulfan can affect the health of farmworkers, but denies that health effects occur when its endosulfan products are used in accordance with label directions. MANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4. Paragraph 4 consists of Plaintiffs' characterization of their claims in this lawsuit, the relief they seek, and conclusions of law, to which no response is required.

5. MANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5 and therefore denies them. The remainder of Paragraph 5 consists of Plaintiffs' characterization of their claims in this lawsuit, the relief they seek, and conclusions of law, to which no response is required.

6. MANA denies the allegations in the first two sentences of Paragraph 6. MANA admits the remaining allegations in the last two sentences of Paragraph 6.

7. MANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8. MANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. MANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. MANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. MANA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. MANA denies the allegations in Paragraph 12.

13. MANA denies the allegations in Paragraph 13.

14. MANA admits that EPA is a federal agency. As to the remaining allegations in Paragraph 14, the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") and Endangered Species Act ("ESA") speak for themselves; thus no response is required.

15. Paragraph 15 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

16. Paragraph 16 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

17. Paragraph 17 merely cites and summarizes FIFRA and the Federal Food, Drug, and Cosmetic Act ("FFDCA"), which speak for themselves; thus no response is required.

18. Paragraph 18 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

19. Paragraph 19 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

20. Paragraph 20 consists of a conclusion of law to which no response is required.

21. MANA denies the allegation in the first sentence of Paragraph 21. The second sentence of Paragraph 21 purports to characterize reports which speak for themselves; thus no response is required. MANA denies the allegations in the third sentence of Paragraph 21.

22. Paragraph 22 merely cites and summarizes the ESA, which speaks for itself; thus no response is required.

23. Paragraph 23 merely cites and summarizes the ESA and its implementing regulations, which speak for themselves; thus no response is required.

24. Paragraph 24 merely cites and summarizes the ESA and its implementing regulations, which speak for themselves; thus no response is required.

25. Paragraph 25 merely cites and summarizes the ESA, which speaks for itself; thus no response is required.

26. Paragraph 26 merely cites and summarizes the ESA, which speaks for itself; thus no response is required.

27. MANA admits that endosulfan is an organochlorine pesticide that was first registered for use in the United States in 1954. MANA denies the remainder of the first sentence of Paragraph 27, except to admit that the number of organochlorine pesticides registered for use has declined in the last three decades. The remaining allegation in Paragraph 27 characterizes the reregistration eligibility decision ("RED") for endosulfan, which speaks for itself; thus no response is required.

28. MANA admits that some countries do not permit the use of endosulfan and that there is a proposal to add the chemical to the Stockholm Convention. The remainder of the second sentence of Paragraph 28 consists of a legal conclusion to which no response is required.

29. With regard to the allegations in the first and second sentences of Paragraph 29, they are made by reference to the RED, which speaks for itself; thus no response is required. MANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies them.

30. With regard to the allegations in the first and second sentences of Paragraph 30, MANA admits that it is aware that certain of the Plaintiffs filed a petition and comments in February 2008 calling for EPA to cancel the existing registrations for endosulfan. MANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies them.

31. MANA admits that extreme exposures to organochlorines, including endosulfan, have been associated with some of the effects listed in the second sentence of Paragraph 31, but denies that such exposures occur when its products are used in accordance with label directions.

PROPOSED ANSWER
C 08-03542 VRW    - 4 -

The third sentence consists of Plaintiffs' summary of information contained in the RED, which speaks for itself; thus no response is required. Also regarding the allegations in the fourth sentence of Paragraph 31, MANA admits that there is a study that purports to show that pre-natal exposure to endosulfan is associated with increased incidence of autism spectrum disorder, but denies that the study is reliable.

32. MANA denies the first sentence. With regard to the remainder of Paragraph 32, MANA admits that endosulfan is a mobile pesticide that has been detected in the water and ambient air, including in the Arctic and national parks, and that endosulfan has been detected in the tissues and fluids of humans and animals, but denies that endosulfan has any toxic effects at the levels detected. MANA denies the remaining allegations of Paragraph 32.

33. With regard to the allegations in the first sentence of Paragraph 33, MANA denies that the rest of the world was working to ban endosulfan when EPA completed the RED. The remainder of Paragraph 33 characterizes the RED, which speaks for itself; thus no response is required.

34. Paragraph 34 characterizes the RED, which speaks for itself; thus no response is required.

35. MANA denies the allegations in Paragraph 35.

36. Paragraph 36 characterizes the RED, which speaks for itself; thus no response is required.

37. MANA admits that EPA prescribed mitigation measures in the RED, but denies the remaining allegations in Paragraph 37.

38. MANA denies the first and third sentences of Paragraph 38. The second sentence characterizes a 2002 assessment by EPA of endosulfan's benefits, which speaks for itself; thus no response is required.

39. Paragraph 39 characterizes and quotes portions of FIFRA, which speaks for itself; thus no response is required.

40. MANA denies the allegations in Paragraph 40.

41. MANA denies the allegations in Paragraph 41.

42. The first sentence of Paragraph 42 characterizes and quotes portions of FIFRA, which speaks for itself; thus no response is required. The second and third sentences contain conclusions of law to which no response is required.

43. The first and second sentences of Paragraph 43 purport to characterize the endosulfan RED, which speaks for itself; thus no response is required. MANA denies the third sentence in Paragraph 43.

44. Paragraph 44 characterizes and quotes portions of the ESA, which speaks for itself; thus no response is required.

45. The first sentence of Paragraph 45 characterizes and quotes portions of the ESA and its implementing regulations, which speak for themselves; thus no response is required. The second sentence consists of a conclusion of law to which no response is required.

46. The first sentence of Paragraph 46 purports to characterize the endosulfan RED, which speaks for itself; thus no response is required. The second and third sentences of Paragraph 46 consists of conclusions of law to which no response is required. MANA denies the allegations in the last sentence of Paragraph 46.

**PRAYER FOR RELIEF**

MANA denies that Plaintiffs are entitled to the relief requested.

**GENERAL DENIAL**

Except as expressly admitted or otherwise stated herein, MANA denies each and every allegation in Plaintiffs' Complaint.

**AFFIRMATIVE DEFENSES**

A. Plaintiffs have failed to state a claim upon which relief can be granted.

B. Plaintiffs lack standing to bring this case.

C. This Court lacks jurisdiction over the subject matter of this case.

D. Plaintiffs' claims are moot.

MANA reserves the right to add affirmative defenses as may be revealed during the course of the litigation of this case.

PROPOSED ANSWER
C 08-03542 VRW    - 6 -

1  WHEREFORE, for these reasons, MANA requests that the Court deny Plaintiffs' Complaint with prejudice, that MANA be awarded its costs in this action, and that the Court grant such other and further relief as may be appropriate.

Respectfully submitted,

HELLER EHRMAN LLP

By: _____/s/_____
    Laurence A. Weiss
    Laurence.Weiss@hellerehrman.com
    HELLER EHRMAN LLP
    275 Middlefield Road
    Menlo Park, CA  94025-3506
    Telephone:  650.324.7000
    Facsimile:  650.324.0638

David B. Weinberg (D.C. Bar # 186247)
(Pending *pro hac vice*)
    dweinberg@wileyrein.com
Eric Andreas (D.C. Bar # 462777)
    eandreas@wileyrein.com
David E. Markert (D.C. Bar #502486)
    dmarkert@wileyrein.com
WILEY REIN LLP
1776 K Street NW
Washington, DC  20006
Telephone:  202.719.7000
Facsimile:  202.719.7049

DATED:  August 20, 2008

Attorneys for Intervenor-Defendant
Makhteshim Agan of North America, Inc.

PROPOSED ANSWER
C 08-03542 VRW   - 7 -